UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kwame Anir Saafir, | Case No.: 2:21-cv-01832-JAD-VCF |
| Petitioner | |
| v. | **Order Granting Motion to Dismiss Grounds 2 and 3** |
| City of Las Vegas, *et al*., | [ECF No. 13] |
| Respondents | |

    Kwame Anir Saafir brings this *pro se* 28 U.S.C. § 2254 habeas corpus petition to challenge his misdemeanor domestic-violence battery conviction in the Las Vegas Municipal Court, alleging Fifth, Sixth, and Fourteenth Amendment violations.[1]  Respondents move to dismiss grounds 2 and 3 of the petition, arguing that Saafir's due-process, equal-protection, privileges-and-immunities, and double-jeopardy claims are procedurally defaulted, precluding federal habeas review.  Because I find that the state appellate court's determination relied on independent and adequate state-law grounds, those claims are procedurally barred and I grant the motion.  This habeas case thus proceeds on Saafir's first ground only, and the respondents have until April 17, 2023, to file their answer to this remaining ground.

**Background**

    The City of Las Vegas Attorney charged Saafir with battery for striking his girlfriend in the face, causing bleeding and bruising.[2]  He was arraigned in Las Vegas Municipal Court on September 18, 2018, and his public attorney was confirmed as counsel.[3]  That day, Saafir

---

[1] ECF No. 13.

[2] Exh. 1. Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13, and are found at ECF Nos. 14–16.

[3] *See* Exh. 3.

pleaded no contest to misdemeanor battery constituting domestic violence; the municipal court sentenced him to 179 days in jail, suspended for one year; an $860 fine; and domestic-violence counseling.  The court advised Saafir that if he completed his counseling and did not pick up any new charges, in one year the case would be closed.[4]

In February 2019, Saafir moved in municipal court to withdraw his guilty plea.[5]  That court denied the motion, finding that Saafir entered the plea knowingly, voluntarily, and intelligently.[6]  He appealed to the Clark County District Court, and his sentence was stayed pending appeal.[7]  The state district court affirmed and remanded to municipal court.[8]  Saafir then appealed to the Nevada Supreme Court, which dismissed the appeal for lack of jurisdiction, explaining that the district court has final appellate jurisdiction over a case arising in municipal court.[9]

In March 2020, Saafir filed a state postconviction habeas corpus petition while the completion of his counseling requirements was still pending.[10]  The state district court dismissed the petition, finding that he had raised the claims previously and presented no collateral issues that would afford habeas relief.[11]  Saafir appealed; the Nevada Court of Appeals affirmed in part and reversed and remanded in part a claim of ineffective assistance of counsel, holding that the

---

[4] *Id*.
[5] Exh. 4.
[6] Exh. 7.
[7] Exhs. 8, 11.
[8] Exh. 42.
[9] Exh. 46.
[10] Exh. 47.
[11] Exh. 51.

record did not demonstrate that the claim was previously raised and considered.[12] The appellate court ordered the district court to determine whether it had jurisdiction to consider the state postconviction petition. The Nevada Court of Appeals also denied Saafir's motion for leave to file a petition for rehearing.[13] On remand, the state district court dismissed Saafir's petition, concluding that, even though he met the custodial requirement because he had not completed his counseling requirements, the district court lacked jurisdiction to review habeas petitions for misdemeanor cases.[14] That court remanded the case to municipal court.[15]

Saafir filed this federal habeas petition in October 2021.[16] He asserts three grounds for relief:

> **Ground 1.** His Sixth Amendment rights were violated because he was not informed of the nature and cause of the accusation and was denied effective assistance of counsel;
>
> **Ground 2.** The courts violated his double-jeopardy rights because he was twice convicted and punished under the same indictment; and
>
> **Ground 3.** His Fourteenth Amendment rights were violated because his misdemeanor conviction violates the Privileges and Immunities Clause, his right to due process, and the Equal Protection Clause.[17]

---

[12] Nevada Court of Appeals Case No. 81131.

[13] Exhs. 69, 74.

[14] Exh. 80.

[15] Respondents state that they reviewed the municipal court docket, and it does not appear that Saafir requested subsequent habeas relief in municipal court. *See* ECF No. 13 at 5 n.1.

[16] ECF No. 1.

[17] *Id*. at 3–13.

Respondents now move to dismiss grounds 2 and 3 as procedurally defaulted.[18] Saafir opposed, and respondents replied.[19]

## Discussion

**A.  A procedural default may occur if the state court decided the petitioner's claim on procedural grounds, not on its merits.**

"Procedural default" refers to the situation in which a petitioner presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds instead of on its merits.[20] As the Supreme Court explained in *Coleman v. Thompson*, a procedural default prevents the federal court from reviewing a habeas claim unless the petitioner can show good cause plus actual prejudice or a fundamental miscarriage of justice:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[21]

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[22] That external impediment must have prevented the petitioner from raising the claim.[23]

---

[18] ECF No. 13.
[19] ECF Nos. 17, 20.
[20] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).
[21] *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).
[22] *Murray*, 477 U.S. at 488 (emphasis added).
[23] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

4

The procedural-default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.[24]

**B.      Grounds 2 and 3 of Saafir's petition are procedurally defaulted.**

Saafir contends in ground 2 that his right to be free of double jeopardy was violated because he was convicted of the battery offense in both the municipal court and the state district court.[25] In ground 3 he argues that his Fourteenth Amendment rights were violated because his misdemeanor conviction violates the Privileges and Immunities Clause, his right to due process, and the Equal Protection Clause.[26] He raised these grounds at the state level in his state postconviction habeas petition.[27] Saafir presented the claims again when he appealed the denial of that petition.[28]

Respondents argue that both grounds are procedurally defaulted because the Nevada Court of Appeals denied these claims not on their merits but instead based upon a Nevada procedural default rule: Nevada Revised Statute (NRS) 34.810(1)(a).[29] That statute mandates dismissal of a petition if the defendant pleaded guilty and does not allege that his plea was involuntary, unknowing, or entered without effective assistance of counsel. The state appellate court held that Saafir was not entitled to relief on the claims in grounds 2 and 3 because they were not "based on an allegation that Saafir's plea was involuntary or unknowingly entered or

---

[24] *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).
[25] ECF No. 1 at 7–9.
[26] *Id.* at 10–11.
[27] Exh. 47.
[28] Exh. 67 at 4–7.
[29] ECF No. 13.

that his plea was entered without the effective assistance of counsel."[30]  Thus, assuming without deciding that the district court had jurisdiction to consider the petition, the Nevada Court of Appeals held that the district court did not err by the dismissing the claims.

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of NRS 34.810's procedural bar is an independent and adequate state ground.[31]  Therefore, the Nevada Court of Appeals' determination that these claims were procedurally barred under 34.810 was an independent and adequate basis to affirm the denial of the claims in Saafir's state petition, rendering these claims procedurally defaulted and preventing this federal court from reviewing them.

Saafir first attempts to recharacterize his claims to avoid this bar, arguing that these claims were in fact claims of ineffective assistance of counsel (IAC).[32]  But Saafir raised these claims as ones of municipal- and district-court error, not IAC claims.[33]  He then makes the bare assertion, with no elaboration, that he can overcome the state procedural bar by establishing good cause and prejudice or demonstrating a fundamental miscarriage of justice.[34]  This unsupported contention is an insufficient showing.  So I dismiss grounds 2 and 3 as procedurally barred from federal habeas review.

---

[30] Nevada Court of Appeals Case No. 81131 at 2; quoting NRS 34.810(1)(a).

[31] *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

[32] ECF No. 17.

[33] Exh. 66 at 4–7.

[34] *Id*.

**Conclusion**

Although Saafir's Fifth and Fourteenth Amendment claims are procedurally defaulted, barring their federal habeas review, the gravamen of his petition is his Sixth Amendment claims that he did not knowingly, intelligently, and voluntarily enter his plea and that his plea counsel rendered ineffective assistance.[35]  Those claims, as asserted in ground 1, remain pending.

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 13]** is **GRANTED in part and denied in part**.  **Grounds 2 and 3 are DISMISSED** as procedurally defaulted.

IT IS FURTHER ORDERED that **respondents must file an answer to the remaining ground 1 by April 17, 2023.**  Petitioner will then have 45 days after service of the answer to file any reply brief.

_____
U.S. District Judge Jennifer A. Dorsey
March 7, 2023

---

[35] ECF No. 1 at 3–6.