# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kwame Anir Saafir, | Case No.: 2:21-cv-01832-JAD-VCF |
| Petitioner | |
| v. | **Order Denying Petition for Habeas Relief, Denying Certificate of Appealability, and Closing Case** |
| City of Las Vegas, et al., | |
| Respondents | [ECF No. 1] |

Petitioner Kwame Anir Saafir seeks habeas relief from his 2018 conviction by no-contest plea for misdemeanor battery constituting domestic violence. He claims that his plea counsel was ineffective and that his no-contest plea was not knowing, intelligent, and voluntary. Having evaluated the merits of his claim, I find that federal habeas relief is not warranted, so I deny the petition, deny a certificate of appealability, and close this case.

## Background

**A.  Saafir pleads no contest to misdemeanor battery.**

On September 17, 2018, the City of Las Vegas Attorney's Office charged Saafir with battery for striking his girlfriend in the face, causing bleeding and bruising.[1] At his arraignment the next day, Saafir obtained public counsel and initially pled not guilty.[2] His counsel asked the court to consider releasing him on his own recognizance before trial because he had primary custody of his four-year-old daughter.[3] The municipal-court judge declined, noting that Saafir's pretrial-risk-assessment form reflected that he had an outstanding warrant in California.[4] The

---

[1] ECF No. 14-1 (criminal complaint).
[2] ECF No. 14-3.
[3] *Id.* at 4.
[4] *Id.* at 5–6.

court asked who was taking care of Saafir's daughter, and his counsel responded that she was in the custody of Child Protective Services.[5] The judge indicated that she was going to set bail, but Saafir and his attorney requested a moment to confer.[6] When the hearing resumed, defense counsel informed the court that Saafir wanted to plead no contest. The court canvassed Saafir:

> Court: And is this what you want – is this what you want to do?
>
> Saafir: Yeah.
>
> Court. Okay. Do you understand you can go to trial; you have that option if you wanted to do that instead of take the negotiation?
>
> Saafir: Yeah, I don't know where my daughter is now.
>
> Court: Okay. I understand. All right. Do you understand that when you plead guilty or no contest, it does result in a misdemeanor conviction for a Battery/DV charge?
>
> Saafir: Yeah.
>
> Court: Okay. Do you also understand that today's case can be used against you in the future?
>
> Saafir: Yes, Ma'am.
>
> Court: So let's say there was another Battery/DV arrest in the next seven years, it could be treated as a felony charge because of this case today; do you understand that part?
>
> Saafir: Yeah.
>
> Court: Okay. This document is called a Waiver form on a Battery/DV charge (holding for view). Did you go over this with Mr. Nobles just now?
>
> Saafir: Yeah.
>
> Court: Okay. Did he answer any questions you might have had?
>
> Saafir: Yeah.

---

[5] *Id.* at 6.

[6] *Id.* at 8.

2

> Court: Okay. And then in the second document you're telling the Court that you don't own any guns; is that correct?
>
> Saafir: No.
>
> Court: Okay. Tell me how you plead, Sir.
>
> Saafir: Oh, no contest.[7]

Defense counsel indicated that Saafir stipulated to the factual basis of the charge.[8] The court accepted his plea and sentenced him to the agreed-upon $860 fine, domestic-violence counseling, and a suspended 179-day term in jail. The judge explained to Saafir that if he paid the fine, completed counseling, and stayed out of trouble for a year, the case would be closed without him having to serve the jail sentence. Saafir responded that he understood.[9]

**B.   Saafir moves to withdraw his plea and for habeas relief in state court.**

Saafir filed a pro se motion to withdraw his no-contest plea in February 2019 and filed a second motion to withdraw the plea through counsel in June 2019.[10] At the hearing on the motions, defense counsel argued that Saafir had video evidence on his phone that showed his innocence but that he was not allowed to access his phone when he was taken into custody.[11] He also argued that Saafir accepted the plea agreement because he wanted to be released so he could locate his daughter; he didn't plead no contest based on the facts of the case.[12]

---

[7] *Id.* at 9–11.
[8] *Id.* at 11.
[9] *Id.* at 11–12.
[10] ECF No. 14-4; ECF No. 14-5.
[11] ECF No. 14-7.
[12] *Id.*

3

The municipal-court judge rejected Saafir's bid to withdraw his plea.[13] She explained that Saafir gave no indication that he was hesitant to accept the plea or didn't understand its terms. The court agreed with the government that people enter into plea negotiations for a variety of reasons and that even if Saafir was motivated by concern for his daughter, that did not necessarily render his plea not knowing or voluntary. The court also stated that Saafir had confirmed that he fully understood and accepted the plea agreement, he had reviewed the waiver-of-rights form, and his counsel had answered any questions he had about the plea negotiations.[14]

Saafir appealed to the state district court, which agreed with the lower court that Saafir knew that by pleading no contest he would have a misdemeanor conviction for battery that constituted domestic violence.[15] The court acknowledged that Saafir chose to plead no contest in exchange for being released on his own recognizance that day, but it concluded that his concern for his daughter's well-being did not constitute undue duress that would render his plea involuntary. That court affirmed and remanded the matter to municipal court.[16]

In March 2020, Saafir filed a pro-se postconviction habeas petition on the bases that his plea was involuntary and his counsel was ineffective for misinforming him about the plea's consequences.[17] The state district court denied Saafir's postconviction habeas petition as barred by the law-of-the-case doctrine a month later.[18] The Nevada Court of Appeals reversed in part

---

[13] *Id.*

[14] *Id.*

[15] ECF No. 15-10.

[16] *Id.* The Supreme Court of Nevada dismissed Saafir's pro se appeal of the district court's decision because it lacked jurisdiction to consider an appeal from the municipal court. ECF No. 15-14.

[17] ECF No. 15-15.

[18] ECF No. 15-19.

and remanded for (1) a determination as to whether the district court had jurisdiction over the petition because it was unclear whether Saafir was in custody when he filed it, and (2) adjudication of his ineffective-assistance-of-counsel claims because the record did not demonstrate that they had been previously considered.[19]  The district court found that Saafir met the custodial requirement because he was still subject to the 179-day suspended sentence imposed by the municipal court.[20]  But the court still dismissed the petition for lack of jurisdiction because it found that a petition should be assigned, whenever possible, to the original judge or court.  So the court held that, to the extent postconviction relief is available for misdemeanor convictions, the municipal court is the appropriate jurisdiction.[21]  The record does not reflect that Saafir sought further habeas relief in any state court.[22]

**C.     Saafir seeks federal habeas relief.**

Saafir filed his federal habeas petition in October 2021.[23]  In March of this year, I dismissed two of his grounds because they were procedurally defaulted.[24]  One ground remains for my consideration: Saafir's claim that his counsel was ineffective when advising him to plead guilty and failing to inform him of the consequences of his plea, which rendered his plea not knowing, intelligent, and voluntary.[25]  Respondents have answered, and Saafir did not file a reply.[26]

---

[19] ECF No. 16-9.
[20] ECF No. 16-21.
[21] *Id.*
[22] *See* ECF No. 13 at 5 n.1.
[23] ECF No. 1.
[24] ECF No. 22.
[25] ECF No. 1 at 3–7.
[26] ECF No. 24.

**Discussion**

**A.    Legal standards**

  *1.    Review under the Antiterrorism and Effective Death Penalty Act (AEDPA)*

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief with respect to that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[27]  A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[28]  And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts at hand.[29]  Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[30]  The "objectively unreasonable" standard is difficult to satisfy;[31] "even 'clear error' will not suffice."[32]

---

[27] 28 U.S.C. § 2254(d).

[28] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[29] *White v. Woodall*, 572 U.S. 415, 424–27 (2014).

[30] *Id.* at 1705–06 (emphasis in original).

[31] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[32] *Wood v. McDonald*, 575 U.S. 312, 316 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

Habeas relief may be granted only if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[33] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[34] "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[35] AEDPA "thus imposes a 'highly deferential standard for evaluating state-court ruling,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[36]

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim *de novo*.[37] The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[38] and state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[39]

---

[33] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[34] *Id.* at 103.

[35] *Id.* at 101.

[36] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

[37] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[38] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[39] 28 U.S.C. § 2254(e)(1).

### 2. *Standard for federal habeas review of an ineffective-assistance claim*

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[40] Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[41] In *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[42] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[43] Saafir pleaded no contest upon the advice of counsel, so he "may only attack the voluntary and intelligent character of [his] plea by showing that the advice he received from counsel was [ineffective] . . . . and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [no contest] and would have insisted on going to trial."[44]

"A reasonable probability is a probability sufficient to undermine confidence in the outcome."[45] Any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct so as to avoid the distorting

---

[40] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[41] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[42] *Strickland*, 466 U.S. at 690.

[43] *Id.* at 694.

[44] *Hill v. Lockhart*, 474 U.S. 52, 56–57, 59 (1985); *Lambert v. Blodgett*, 393 F.3d 943, 980–981 (9th Cir. 2004).

[45] *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000).

effects of hindsight.[46] "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practice or most common custom."[47] The burden is on the petitioner to overcome the presumption that counsel made sound trial-strategy decisions.[48]

**B.      Saafir is not entitled to relief on his remaining ineffective-assistance claim.**

Saafir insists that his Sixth Amendment rights were violated because counsel ineffectively advised him to plead no contest and failed to inform or misinformed him of the consequences of his plea.[49] A guilty or no-contest plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant.[50] At issue is what a defendant reasonably understood at the time of the plea.[51] While the trial court is required to inform a defendant of the direct consequences of his plea, it is not required to inform a defendant of collateral consequences.[52] The petitioner bears the burden of establishing that his plea was not voluntary and knowing.[53] And courts accord great weight to a defendant's statement made in open court.[54]

---

[46] *Strickland*, 466 U.S. at 689.

[47] *Richter*, 562 U.S. at 104.

[48] *Id.*

[49] ECF No. 1 at 3-7.

[50] *Hill*, 474 U.S. at 56.  Nevada treats no-contest pleas as "equivalent to guilty pleas insofar as how the court treats the defendant" and assesses the validity of no-contest and guilty pleas under the same "knowing, voluntary, and intelligent" standard.  *State v. Smith*, 356 P.3d 1092, 1094 (Nev. 2015) (cleaned up).

[51] *United States v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986).

[52] *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999).

[53] *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

[54] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *see also United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993).

The record reflects that Saafir understood the terms of his plea agreement. Saafir's main contention is that counsel was ineffective for failing to inform him or misinforming him of the consequences of pleading no contest to a domestic-violence charge. He argues that he was not told that the conviction "could be used to" take away his custody rights.[55] But neither counsel nor the court is required to inform a defendant of every element of an offense or the collateral consequences of a guilty plea.[56] And under Nevada law, Saafir's plea to a domestic-violence charge would create only a rebuttable presumption that he was an unfit parent in a custody dispute—it would not "automatically [a]ffect custody" as he claims.[57] Saafir doesn't allege that he was unable to overcome that presumption, was adjudicated an unfit parent, or lost custody of his daughter. Regardless, the court asked him if he understood that this case could be used against him in the future, and he answered affirmatively.

Saafir also argues that he had exculpatory video evidence on his phone that he had been unable to access while in custody, rendering his plea not knowing.[58] But at the time he entered his plea neither he nor his counsel mentioned anything about video evidence.[59] And Saafir's attorney at the plea-withdrawal hearing acknowledged that the video evidence did not show that Saafir was actually innocent.[60] Saafir's claim to the contrary lacks credibility. The municipal court's finding that Saafir entered a knowing, intelligent, and voluntary plea is supported by the record and entitled to deference. The state district court properly affirmed. So, because Saafir

---

[55] ECF No. 1 at 4.

[56] *See Bargas*, 179 F.3d at 1216.

[57] Nev. Rev. Stat. § 432B.157; ECF No. 1 at 6.

[58] ECF No. 14-7.

[59] *See* ECF No. 14-3.

[60] Saafir's counsel stated: "I will say that the video is persuasive that's—there was something that occurred but it doesn't necessarily purport to show actual innocence." ECF No. 14-7 at 14.

cannot demonstrate that the Nevada courts' decisions on his ineffective-assistance claim were contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court law, or were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, I deny federal habeas relief.

**C.     Certificate of Appealability**

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability. To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[61] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[62] I decline to issue a certificate of appealability for my resolution of Saafir's habeas claim.

**Conclusion**

IT IS THEREFORE ORDERED that the petition **[ECF No. 1] is DENIED**, and because reasonable jurists would not find this decision to deny the petition to be debatable or wrong, a certificate of appealability will not be issued. **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
October 25, 2023

---

[61] 28 U.S.C. § 2253(c).

[62] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).